UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:11-CR-99 |
| v. ) | 2:14-CV-284 |
| ) | |
| DARREN A. DUNHAM ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Darren A. Dunham's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [DE 64.] Dunham challenges his sentence on the grounds that his counsel was ineffective because he miscalculated Dunham's criminal history level, and because he failed to inform Dunham that a previous conviction would be included in Dunham's criminal history computation and would expose Dunham to a longer sentence than Dunham expected. Dunham signed a plea agreement that contained an explicit waiver of his right to appeal and seek relief under 28 U.S.C. § 2255. Because his plea was made knowingly and voluntarily and he does not allege sufficient facts to show ineffective assistance of counsel in negotiating the waiver, Dunham's motion is denied.

**Background**

Dunham was charged with twenty-one counts of assisting another in filing a false tax return, four counts of filing a false tax return, and one count of identity theft. [DE 17.] Dunham entered into a plea agreement with the government in which he pled

guilty to five counts of aiding and assisting in the preparation of materially false tax returns. [DE 23.] (The government dismissed the remaining counts.) In the agreement, Dunham stated:

> I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

[DE 23, at 7.] As I mentioned at the outset of this opinion, Dunham's written plea agreement contained an express waiver of his right to file a § 2255 motion, stating:

> I understand that the law gives a convicted person the right to appeal the conviction, sentence and restitution order imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction, sentence and any restitution order imposed or the manner in which my conviction, sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

[DE 23, at 5.]

At the January 30, 2012 change of plea hearing, Dunham indicated to me that he knowingly and voluntarily waived his rights. [DE 55 at 15:17-23.] The hearing was conducted in the presence of Dunham's attorney and fully complied with the requirements of Rule 11. Three months after his plea hearing, but prior to sentencing, Dunham was arrested for filing additional false tax returns, and this cost him a

reduction in his offense level for acceptance of responsibility. Here's how the guidelines were computed Dunham's PSR: his base level was 20; 2 points were added because Dunham operated a tax filing business; and 4 points were added due to Dunham's role in the offense. [DE 38, at 7.] His total offense level was thus a 26 and he was found to be a criminal history category V. [DE 57 at 12:15-16.]

At sentencing, Dunham objected to the PSR's inclusion of two previous convictions toward his criminal history score. [DE 56, at 7-11.] At the initial sentencing hearing I heard argument from counsel and then asked Dunham and the Government to submit their position on the issue in writing. [DE 56, at 10.] At the second hearing, I overruled Dunham's objection, and found that the conduct at-issue in the counts that he did not plead guilty to was relevant conduct because it featured a common victim, a common purpose, and some similarity to the acts that Dunham had pled guilty to. This was important because it made two prior convictions countable against Dunham in his criminal history score. Without the relevant conduct, those two priors would not have been included in Dunham's criminal history because they would have been too stale. Consequently, the two older convictions were made part of Dunham's criminal history score which helped to land him in criminal history category V. [DE 57 at 10-11.]

With a base offense level of 26 and a criminal history category of V, the guideline range was 110-137 months. Noting the seriousness of Dunham's offenses, his extensive criminal history, and his continuing to file false returns even after pleading guilty, I imposed a sentence of 120 months, which was in the middle of the applicable guideline range. [DE 57 at 22:1-10.]

Dunham filed a notice of appeal on August 10, 2012, with the assistance of his counsel. [DE 48.] The Seventh Circuit dismissed his appeal [DE 63], and this motion followed. [DE 64.] Dunham now claims he received ineffective assistance of counsel regarding his trial attorney's calculation of Dunham's criminal history category, as well as the attorney's estimate of the sentencing range Dunham faced by pleading guilty. [DE 64.]

**Discussion**

A motion under § 2255 allows a federal prisoner "in custody . . . claiming a right to be released" to attack his sentence on the grounds that it was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction . . ., or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 ¶ 1. Relief under § 2255 is reserved for extraordinary situations. *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996).

In the Seventh Circuit, only two claims under § 2255 are available to an individual who waived the right to appeal and to bring a collateral attack under § 2255: (1) that the defendant received ineffective counsel with regard to the waiver (or the plea agreement as a whole) and its negotiation, *United States v. Smith*, 759 F.3d 702, 707 (7th Cir. 2014); or (2) that the waiver was not knowingly or voluntarily made. *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999); *see United States v. Rhodes,* 330 F.3d 949, 952 (7th Cir. 2003); *Mason v. United States,* 211 F.3d 1065, 1068 (7th Cir. 2000). A district court may deny a § 2255 motion without a hearing if "the motion and the files and records of

the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Dunham's motion provided a brief description of the two grounds under which he seeks relief. Under the first ground, ineffective assistance of counsel, Dunham states that his attorney incorrectly calculated Dunham's criminal history category. [DE 64, at 4.] In Ground Two, also an ineffective assistance of counsel claim, Dunham states his attorney incorrectly informed him that a previous conviction would not impact his criminal history category. [DE 64, at 5-6.] Dunham states that he would not have signed his plea agreement if he had known he could face a sentencing range of 110 - 137 months. [*Id.*]

An enforceable waiver bars ineffective assistance of counsel claims, including claims related to counsel's performance at sentencing. *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000). Courts have consistently held that "a voluntary and knowing waiver of an appeal is valid and must be enforced." *United States v. Rhodes*, 330 F.3d 949, 952 (7th Cir. 2003); *see also United States v. Sines*, 303 F.3d 793, 798 (7th Cir. 2002); *United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001). A waiver is enforceable "if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007) (citation omitted). Courts may consider a defendant's signature on the plea agreement and his statements during the plea colloquy as evidence of a knowing and voluntary waiver. *United States v. Jemison*, 237 F.3d 911, 917 (7th Cir. 2001).

Dunham states in Ground 2 that he would not have entered into the plea agreement if his attorney had informed him that a previous conviction would be

included in his criminal history computation and expose him to a higher sentence than he expected. [DE 64, at 5-6.] Construed liberally, Ground 2 may imply that his attorney's alleged failure to tell him about the inclusion of the previous conviction made his plea involuntary, which would make the plea invalid. But even if that is indeed what Dunham is arguing, the argument fails because Dunham's plea agreement and statements at his change of plea hearing indicate that he made his plea knowingly and voluntarily. In his plea agreement he expressly stated that he understood the maximum possible sentences set forth in his plea agreement, and that he entered into his "plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement." [DE 23, at 3, 7.]

The hearing confirms that Dunham made his plea knowingly and voluntarily. His change of plea hearing was conducted in the presence of his attorney. At that hearing, Dunham indicated that he understood the charges against him, his right to persist in a not guilty plea, and the possible maximum statutory sentence he could receive. [DE 55, at 9, 19-20.] Dunham also stated at the hearing that he understood that by pleading guilty he was exposed to a higher sentence than he may expect to receive, and that such a sentence could be different than any estimate his lawyer may have given him. [DE 55, at 17-18.] He also stated at the hearing that he was pleading guilty of his own free will and that no one was forcing or coercing him to do so. [DE 55, at 15-16.] Thus, the language of the plea agreement and Dunham's statements at his change of

plea hearing indicate that Dunham entered into the plea knowingly and voluntarily.

Because Dunham's guilty plea was made knowingly and voluntarily, the waiver in his plea agreement bars his remaining grounds. Where a defendant has waived rights to appeal, the "right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Jones*, 167 F.3d at 1145. Specifically, Ground 1 of Dunham's claim for ineffective assistance of counsel relates to sentencing, not the negotiation of the plea. It states that his attorney told Dunham, incorrectly, that the sentencing guidelines would result in Dunham being placed into criminal history category III. [DE 64, at 4.] This ground falls within the category of rights expressly waived as part of Dunham's plea agreement:

> **I expressly waive my right to appeal or to contest my conviction, sentence and any restitution order imposed or the manner in which my conviction, sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel** unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

[DE 23, at 5 (emphasis added).] Because this ground relates to sentencing, and not the negotiation of the waiver, this ground is barred by the clear, unambiguous language of the plea agreement.

And in any event, such "an alleged miscalculation, standing alone, could never suffice to demonstrate deficient performance unless the inaccurate advice resulted from the attorney's failure to undertake a good-faith analysis of all the relevant facts and applicable legal principles." *Bridgeman*, 229 F.3d at 592. As in *Bridgeman*,

Dunham has failed to allege any facts "demonstrating that his counsel's prediction was not undertaken in good faith." *Id*. Indeed, the attorneys on both sides briefed the issue of whether Dunham's criminal history category would be III or V. [DE 43.] Although I ultimately disagreed with defense counsel's position, the briefing was thorough and well-reasoned. So even if Dunham's allegations related to the negotiation of his waiver, he has failed to allege facts sufficient to support any ineffective assistance of counsel.

I should also note that I find that an evidentiary hearing is unnecessary here. The issues Dunham seeks to raise fall squarely within the waiver language in his plea agreement. Dunham did not explicitly allege that his waiver was not entered into knowingly or voluntarily, nor does he allege that he received ineffective assistance of counsel with respect to his negotiation and acceptance of the agreement. And even if I construe his claims liberally, the record reflects that Dunham entered into his plea knowing that his sentence may be higher than he was allegedly told.

For the foregoing reasons, Dunham's § 2255 motion is **DENIED** and **DISMISSED** with prejudice. The clerk shall enter final judgment accordingly.

    **SO ORDERED.**

    ENTERED: November 30, 2015

s/Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT